IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| DERRILL RICHARD ENNIS, ) <br> AIS 329530, ) <br>  ) <br> Plaintiff, ) <br>  ) <br> v. ) <br>  ) <br> JAY JONES, et al, ) <br>  ) <br> Defendants. ) | CASE NO. 3:21-CV-639-RAH-KFP |

## RECOMMENDATION OF THE MAGISTRATE JUDGE

Pro se Plaintiff Derrill Ennis filed this 42 U.S.C. § 1983 action on September 27, 2021. Defendants have since filed an Answer, Special Report, as amended, and supporting evidentiary materials denying Plaintiff's allegations. Docs. 45, 53. The Court instructed Plaintiff to respond to Defendants' materials by October 24, 2022, and informed him that a failure to respond would result in a recommendation of dismissal. Doc. 54. The Court then granted Plaintiff three extensions to file a response, with the most recent order extending Plaintiff's response deadline to February 13, 2023. Docs. 57, 59, 61. To date, Plaintiff has failed to file a response.

Because of Plaintiff's failure to comply with court orders, the undersigned concludes this case should be dismissed without prejudice. *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (stating that dismissal for failure to obey a court order is generally not an abuse of discretion where litigant has been forewarned). The authority to impose sanctions for failure to prosecute or obey an order is longstanding and acknowledged by

Rule 41(b) of the Federal Rules of Civil Procedure. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–30 (1962). This authority empowers the courts "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Id*. at 630–31; *Mingo v. Sugar Cane Growers Co-Op of Fla.*, 864 F.2d 101, 102 (11th Cir. 1989) (holding that "[t]he district court possesses the inherent power to police its docket."). "The sanctions imposed [upon dilatory litigants] can range from a simple reprimand to an order dismissing the action with or without prejudice." *Mingo,* 864 F.2d at 102.

For the above reasons, the undersigned Magistrate Judge RECOMMENDS that this case be DISMISSED without prejudice.

Further, it is ORDERED that by **April 26, 2023**, the parties may file objections to this Recommendation. The parties must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made. Frivolous, conclusive, or general objections will not be considered by the Court. The parties are advised that this Recommendation is not a final order and, therefore, is not appealable.

Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with 28 U.S.C. § 636(b)(1) will bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waive the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except on grounds of plain error or manifest injustice. *See* 11TH CIR. R. 3-1.

DONE this 12th day of April, 2023.

/s/ Kelly Fitzgerald Pate
KELLY FITZGERALD PATE
UNITED STATES MAGISTRATE JUDGE